SOMMERVILLE, J.
Plaintiff sues for a balance alleged to be due on a contract entered into between him and defendant for 16 carloads of pipe staves sold by him and delivered to defendant. Defendant, answering, denies the existence of any contract, and alleges that the staves were shipped by plaintiff to him (defendant) under an agree *925 ment that he should pay the market value thereof delivered in New Orleans; that he had paid the price agreed upon; and that he had paid in excess thereof a certain amount which he claimed in reconventi'on.
There was judgment in favor of defendant, rejecting plaintiff’s demand; and the latter has appealed.
It appears from the evidence that plaintiff sold to defendant two carloads of pipe staves at 21 cents each, f. o. b. the cars at the place of shipment, which staves were paid for at the time of shipment; that, subsequently, plaintiff offered other staves to defendant which were shipped to New Orleans and delivered to him, and which were to be paid for at market rates. Plaintiff claims 21 cents for each stave shipped to defendant.
It is alleged by plaintiff that defendant entered into an agreement to pay him 21 cents for pipe staves, when the evidence shows that there are seven grades of pipes, ranging in price from $380 for 1,200 pieces of the extra heavy to $30 for 1,200 pieces of the lowest grade; and defendant testifies that he made no such agreement. Defendant could not have made such a contract. And the correspondence between the parties in evidence shows that the staves shipped by plaintiff were not of the first grade, and that plaintiff did not expect 21 cents each for these staves.
We entirely agree with the trial, judge in his reasons for judgment in deciding the case, to the following effect:
“The evidence of record supports the defense that the staves in question were to be paid for at their market value, delivered in New Orleans. Such value is correctly shown by the exhibits annexed to the answer herein. But, by honoring without reservation the drafts of plaintiff, defendant, it seems to the court, has lost the right to reclaim from him the amount he has been overpaid. Defendant was in a position to ascertain the value of the staves as soon as delivered, and could and should have protected himself against overpayment.
“Let there be judgment in favor of defendant, E. J. Bobet, doing business under the name of Bobet Bros., and against plaintiff, B. O. Clark, rejecting his demand at his cost; and let defendant’s reconventional demand be also rejected.”
The judgment appealed from is affirmed.
MONROE, O. J., takes no part.